NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CG TECHNOLOGY DEVELOPMENT, LLC,**
*Appellant*

**v.**

**FANDUEL, INC., DRAFTKINGS, INC., BWIN.PARTY DIGITAL ENTERTAINMENT PLC,**
*Appellees*

---

2019-1261

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2017-00902.

---

Decided: December 17, 2019

---

ROBERT SHAFFER, Finnegan, Washington, DC, argued for appellant. Also represented by SCOTT A. ALLEN, JOSHUA GOLDBERG.

ERIC ALLAN BURESH, Erise IP, P.A., Overland Park, KS, argued for appellees FanDuel, Inc., DraftKings, Inc. Also represented by MEGAN JOANNA REDMOND. Appellee DraftKings, Inc. also represented by JONATHAN BERSCHADSKY, Merchant & Gould P.C., New York, NY;

ERIC CHAD, Minneapolis, MN.

EVAN M. ROTHSTEIN, Arnold & Porter Kaye Scholer LLP, Denver, CO, for appellee bwin.party Digital Entertainment PLC.

———————————

Before PROST, *Chief Judge,* CLEVENGER and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

CG Technology Development, LLC (CG Tech) appeals the Patent Trial and Appeal Board's Final Written Decision holding claims 1, 16, 20, 21, 24, 25, 31, and 32 of U.S. Patent RE39,818 would have been obvious. *FanDuel, Inc. v. CG Tech. Dev., LLC*, No. IPR2017-00902, 2018 WL 5269266, at *1 (P.T.A.B. Oct. 4, 2018) (Board Opinion). Because substantial evidence supports the Board's finding that U.S. Patent No. 5,816,918 (Kelly) teaches the disputed limitations even under the proper construction of the "authorize play based on age" limitations, we affirm.

## BACKGROUND

FanDuel, Inc., DraftKings, Inc., and bwin.party Digital Entertainment, PLC (collectively, Appellees) petitioned for *inter partes* review of the '818 patent. The '818 patent describes a video game system with personalized wireless controllers that allow for custom operation of an interactive video system based on a user's personal data. *See* '818 pat. at 1:49–64. Although the specific language in each claim varies, each of the challenged claims recites a limitation authorizing or allowing a user to play a specific game based on the age of the user.[1] For example, claim 1 reads:

———————————

[1] The parties do not dispute the Board's characterization of the following terms as the "authorize play based

1. A video game system comprising:

a processor unit for executing game instructions and displaying video images on a display screen, the processor includes a receiver for receiving wireless identification and control signal transmissions; and

a personalized portable control comprising:

> a plurality of control switches for generating game control signals;

> a non-volatile memory for storing personalized identification information corresponding to a user of the controller, the personalized identification information comprises a user age, and historical game performance data; and

> a transmitter for wireless transmitting of the personalized identification and game control signals to the processor unit, *wherein the processor unit authorizes game*

---

on age" limitations: "wherein the processor unit authorizes game execution based on the user age" (claim 1); "authorizing operation of a video game based upon the user age" (claim 16); "authorize game play based at least in part on an age of a player" (claim 20); "authorizing play of the interactive game based at least in part on the data and an age of the player" (claim 21); "authorize game play based on an age of a player" (claim 24); "wherein the CPU authorizes game participation if a player's age is within a defined age group" (claim 25); "authorizing play of the game based at least in part on the data and an age of a game player" (claim 31); and "allowing play of the game based at least in part on the age of the game player" (claim 32).

> *execution based on the user age*, further the processor unit comprises a transmitting for transmitting the historical game performance data to the portable controller.

(emphasis added).

Appellees petitioned for *inter partes* review on the basis that the challenged claims would have been obvious in view of the asserted combinations of references. Each combination relied in part on the disclosure in Kelly. A player can choose to play a non-tournament (i.e., prize credit) game or to participate in a tournament. *See* J.A. 3454 at 22:14–29, J.A. 3429 at Fig. 5. "[P]layers can also be required to meet certain conditions before participating in certain games or tournaments." J.A. 3454 at 22:42–44. The operator may "designate further characteristics of tournaments, such as . . . participation based on predefined characteristics, age, [or others]." J.A. 3464–65 at 42:64–43:5.

The Board construed the "authorize play based on age" limitations to mean "a control that either prohibits or adjusts operation of a video game based on the user's age" and found that Kelly discloses the "authorize play based on age" limitations. *See* Board Opinion at \*11, 39. CG Tech appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's claim construction de novo. *Paice LLC v. Ford Motor Co.*, 881 F.3d 894, 902 (Fed. Cir. 2018). Obviousness is a question of law we review de novo, with underlying factual findings reviewed for substantial evidence. *In re NTP, Inc.*, 654 F.3d 1279, 1297 (Fed. Cir. 2011). What a reference teaches is a question of fact we review for substantial evidence. *Id.*

The Board construed the "authorize play based on age" limitations to mean "a control that either prohibits or adjusts operation of a video game based on the user's age."

Board Opinion at \*11.  CG Tech argues the Board erred in including "or adjusts" in its construction.  Rather than challenge CG Tech's position as to the propriety of the language "or adjusts" in the Board's claim construction, Appellees instead argue that the inclusion of "or adjusts" had no impact on the Board's analysis.  Appellees argue the Board's finding that Kelly discloses the "authorize play based on age" limitations was based on the unchallenged part of the Board's construction because it found Kelly "prohibit[s] operation of a game" based on age.  *See* Board Opinion at \*15.

We agree with CG Tech that the Board erred in construing the "authorize play based on age" limitations.  The Board's construction fails to distinguish the two embodiments described in the claims and the specification: authorizing and adjusting.  "Authorize" indicates only prohibiting (or not prohibiting) the player from playing the game, a concept distinct from "adjusting" the game.  The claim language includes "adjusting the game" where intending to encompass adjusting.  *See* '818 pat. at claim 19 (including a limitation requiring "adjusting the video game based upon the user age").  The claims also distinguish between "authorizing" game execution based on user age and "adjusting" the game.  *See* '818 pat. at claims 26 and 30 (including limitations requiring "either *allowing participation in* the game based at least in part on the age of the player, or *adjusting* the game based at least in part on the age of the player" (emphases added)).

The specification similarly distinguishes between authorizing and adjusting game play.  The specification describes a controller that ensures "amusement games designed for a specific age group [are] not operated by an inappropriate user" such that a "video game can be prohibited based on the user age." '818 pat. at 3:42–46.  But it separately explains that "educational video 'games' can be adjusted to the age of the user." *Id*. at 3:47–48.  The intrinsic record thus supports our conclusion that the "authorize

play based on age" limitations do not include adjustment and therefore are properly construed as requiring "a control that prohibits operation of a video game based on the user's age."

Although the Board incorrectly construed the "authorize play based on age" limitations, its findings regarding Kelly were limited to Kelly's disclosure of "prohibiting" game play based on age. Board Opinion at *15. The incorrect claim construction is therefore harmless error if substantial evidence supports its finding. *In re Watts*, 354 F.3d 1362, 1369 (Fed. Cir. 2004) (noting "the harmless error rule applies to appeals from the Board").

The Board found Kelly discloses that "meeting a predefined prerequisite is used in 'some embodiments' to prohibit operation of a game for failure to meet the established prerequisite" and further found it "discloses using the age of the game player as a prerequisite to playing a particular game." *Id.* at *15–16. The Board thus found Kelly discloses "a control that prohibits operation of a video game based on the user's age." This finding is supported by substantial evidence.

Kelly discloses that in some embodiments of its system, "players can . . . be required to meet certain conditions before participating in a credit game or tournament." J.A. 3454 at 22:42–44. Thus, as the Board recognized, players that do not meet the conditions may be prohibited from playing in the only two game modes described by Kelly—a credit game or tournament. *See* Board Opinion at *16. Kelly discloses that one such "predefined characteristic" is age. J.A. 3454 at 42:63–43:5. Though the disclosures in Kelly are in separate portions of the specification, they nonetheless support the Board's finding that a person of ordinary skill in the art would understand that Kelly discloses prohibiting credit game and tournament play based on age.

CONCLUSION

The proper construction of the "authorize play based on age" limitations is "a control that prohibits operation of a video game based on the user's age."  Because substantial evidence supports the Board's finding that Kelly teaches these limitations even under the proper construction, we affirm.

**AFFIRMED**

COSTS

No costs.